IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STARCIA SCOTT, AARON BLAKE, KIM STEVENSON, JAMES GARDNER, GWENDOLYN GASTON, AND CHERYL ROSS, | ) ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| EMERY FEDERAL CREDIT UNION, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Starcia Scott, Aaron Blake, Kim Stevenson, James Garnder, Gwendolyn Gaston, and Cheryl Ross (hereinafter "Plaintiffs"), and files this lawsuit against Defendant Emery Federal Credit Union (hereinafter collectively "Defendant"), and show the following:

### I. Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, and liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Emery Federal Credit Union is a foreign corporation conducting business in the State of Georgia, and the unlawful employment practices described herein occurred at 5815 Live Oak Parkway, Norcross, Georgia 30093. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiffs are adult residents of the State of Georgia.

6.

Plaintiffs worked as Mortgage Loan Officers during the relevant statutory period.

7.

At all times relevant to each Plaintiff's respective claims herein, each Plaintiff was employed by Defendant.

8.

Each Plaintiff was an "employee" of Defendant, as defined under 29 U.S.C. §203(e).

9.

Plaintiffs performed work for and were paid on a salary plus commissions basis by Defendant within the last three years.

10.

Plaintiffs performed non-exempt labor for the Defendant within the last three years.

11.

Defendants employed the named Plaintiffs during the relevant time period.

12.

Plaintiffs performed non-exempt labor during the relevant time period.

13.

Defendant is an "employer" within the definition of the FLSA, 29 USC § 203(d).  Defendant is governed by and subject to the FLSA, 29 USC § 204 and § 207.  At all times relevant to Plaintiffs' claims herein, Defendant was the employer of each Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

15.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

16.

Emery Federal Credit Union is an "employer" within the definition of FLSA, 29 U.S.C. §203(d).  At all times relevant to Plaintiff's claims herein,

Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203 (d).

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

18.

Defendant Emery Federal Credit Union is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

19.

Defendant Emery Federal Credit Union's gross revenues exceed $500,000 per year.

20.

Defendant Emery Federal Credit Union has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendant has employees that sell lending products across state lines and work on lending products sold across state lines.

## IV. Factual Allegations

21.

Plaintiffs worked for the Defendants within the past three years.

22.

Plaintiffs worked for Defendant Emery Federal Credit Union as Mortgage Loan Officers and Loan Processors during the relevant statutory period.

23.

Plaintiffs' primary job duty included receiving leads and contacting potential customers with the purpose of selling lending products.

24.

Plaintiffs were responsible for receiving leads and contacting potential customers, collecting required financial information from customers, compiling loan paperwork, and submitting loan paperwork.

25.

Plaintiffs were supervised by Sanjay Gulati.

26.

Defendant never recorded or tracked Plaintiffs' time.

27.

Plaintiffs were paid a salary and additionally received commissions based on retentions, which varied from month to month.

28.

During the applicable statutory period, Plaintiffs routinely worked in excess of forty (40) hours per work week without receiving overtime compensation for all overtime hours worked while performing non-exempt work for Defendant as required by FLSA §7, 29 U.S.C. §207.

29.

Plaintiffs routinely worked through lunch breaks and did not take other breaks.  Plaintiffs also worked before and after their scheduled shifts and occasionally performed work at home after the conclusion of their shifts and on weekends.

30.

Defendant was aware that Plaintiffs worked in excess of 40 hours in given workweeks without receiving overtime compensation.

31.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiffs.

32.

Plaintiffs are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiffs have suffered lost wages.

## V.  Count I
## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act (Plaintiff and Collective Class).

33.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

34.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

35.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

36.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

37.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

38.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

39.

Defendant's conduct was willful and in bad faith.

40.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VIII.  Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant willfully violated the FLSA; and

(D)   Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted the 20th day of February, 2014.

**BARRETT & FARAHANY, LLP**

/s/Abigail J. Larimer
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Abigail J. Larimer
Georgia Bar No. 999229
*Attorneys for Plaintiffs*

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
amanda@bf-llp.com
ben@bf-llp.com
abigail@bf-llp.com

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

/s/ Abigail Larimer
Abigail Larimer
Georgia Bar No. 999229